IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                                                                      1:02-CR-24-SPM-2

**WILLIE CLYDE JOHNSON,**

    **Defendant.**
_____/

**ORDER DENYING MOTION**

**THIS CAUSE** comes before the Court upon Defendant's "Motion for Clarification" (doc. 453). In this motion, Defendant requests that the Court order the United States Attorney's Office to file a substantial assistance motion on his behalf in order to reduce his sentence. In a letter accompanying the motion, the Defendant states that after he was sentenced, he agreed to be a witness for the Government in the trial of his co-defendant, and after the co-defendant pled guilty, the Government never filed the substantial assistance motion he was promised.

Courts may not intrude upon prosecutorial discretion as it relates to the decision whether to file a substantial assistance motion. United States v.

Forney, 9 F.3d 1492, 1502 (11th Cir. 1993)(*citing* Wade v. United States, 504 U.S. 181 (1992)). Judicial review is only appropriate when the defendant has made both an allegation and a substantial showing that the failure to file such a motion was based on a constitutionally impermissible motivation, such as race or religion. Wade, 504 U.S. at 185-86. Defendant in this case has made no such accusation; he merely alleges that the Government failed to comply with an agreement it made to file a substantial assistance motion on the Defendant's behalf. However, the Defendant's Plea Agreement (doc. 150) clearly states that the decision whether to file a substantial assistance motion is "in the sole discretion of the United States Attorney[.]"

Defendant is not entitled to relief. Accordingly, it is

**ORDERED AND ADJUDGED** that the motion (doc. 453) is hereby *denied*.

**DONE AND ORDERED** this sixth day of July, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge